IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
       FILED

    MAR - 6 2023

CLERK, U.S. DISTRICT COURT
By                    Deputy
```

| | | |
|---|---|---|
| ERIKA MIREYA RAMIREZ LUNA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL No. 2:19-CV-217-Z |
| | § | (CRIMINAL No. 2:17-CR-064-D-2) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

This matter comes before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, submitted to the prison mail system for filing on November 20, 2019 (ECF No. 2) ("Motion"). The Respondent filed a Response to the Motion. *See* ECF No. 6. Although Petitioner submitted a motion to extend the deadline to reply to the Response (ECF No. 7), no reply was ever filed. For the reasons set forth below, the Motion to Vacate is **DENIED**.

### BACKGROUND

Petitioner moves to set aside her conviction and sentence. On November 13, 2017, Petitioner pleaded guilty to possession with intent to distribute 500 grams or more of methamphetamine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 18 U.S.C. § 2. *See* CR ECF No. 40 (Factual Resume).[1] Petitioner was sentenced to 120 months in prison and a supervised release term of five years. CR ECF No. 57 at 2 (Judgment). Petitioner filed an appeal, and the Fifth Circuit affirmed the decision of the district court. *See* ECF Nos. 59, 64–65.

---

[1] Record citations to Petitioner's underlying criminal case, *United States v. Villarreal et al*, 2:17-CR-64-D-BR-2 shall be to "CR ECF No." throughout this Opinion.

LEGAL STANDARD

"Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (internal marks omitted). "[A] defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted). When alleging issues of jurisdictional or constitutional magnitude for the first time in a Section 2255 Motion, a petitioner must show cause for his procedural default in not raising the issue on direct appeal and actual prejudice suffered as a result of the error. *Samuels*, 59 F.3d at 528; *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

ANALYSIS

In her first ground for relief, Petitioner alleges appellate counsel; (1) failed to consult with her regarding the appeal process and the appellate issues to appeal and (2) failed to consult her to determine if she wanted to file for a writ for Supreme Court review after the Fifth Circuit affirmed the decision of the district court. *See* ECF No. 2 at 4; ECF No. 3 at 1.

Ineffective-assistance-of-counsel claims are constitutional claims recognized under Section 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Such claims require the prisoner to prove that her attorney's performance was constitutionally deficient and that she suffered actual prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Supreme Court has repeatedly "made clear that the purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation" but only to "ensure that criminal defendants receive a fair trial." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). Accordingly, "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the

2

adversarial process that the trial cannot be relied on as having produced a just result." *Id.* (emphasis in original).

To prove prejudice, a defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. This showing "requires a substantial, not just conceivable, likelihood of a different result." *Cullen*, 563 U.S. at 189 (internal marks omitted).

Simply making "conclusory allegations" of deficient performance and prejudice is insufficient to meet the Strickland test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). "Surmounting Strickland's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The claim fails if the prisoner does not satisfy either the deficient-performance or prejudice prong. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). The reviewing court need not address both components if there is an insufficient showing on one. *Id.*

Here, as Respondent aptly notes, Petitioner failed to allege any meritorious appellate issue that counsel should have raised. *See* ECF No. 6 at 17. Thus, Petitioner has wholly failed to articulate any deficient performance or prejudice through a failure to adequately consult about the appellate issues to raise on appeal. Additionally, Petitioner's argument concerning the failure to consult after the conclusion of the appeal to determine if a writ to the Supreme Court was desired is meritless.

A criminal defendant has no right to counsel when filing a petition for writ of certiorari with the Supreme Court. *Wainright v. Torna*, 455 U.S. 586, 587-88 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (denying a Section 2255 motion because the defendant could not claim constitutionally ineffective assistance of counsel based on counsel's failure to timely petition for a writ of certiorari, since the defendant had no constitutional right to counsel in seeking review with the Supreme Court). Thus, Petitioner's claims regarding ineffective assistance of appellate counsel are **DENIED** as without merit.

Petitioner argues in her second ground for relief that: (1) her plea was involuntary, (2) she was actually innocent of the charges, and (3) that her trial counsel should not have allowed her to accept a guilty plea after her repeated assertions of innocence. ECF No. 2 at 5–6; *see also* ECF No. 3.

Whether a guilty plea is *knowing* turns on whether the defendant understood the direct consequences of his plea including the maximum possible penalty, while *voluntariness* looks to whether the plea was induced by threats, misrepresentation, unfulfilled promises, or improper promises. *United States v. Hernandez*, 234 F.3d 252, 255 & n.3 (5th Cir. 2000); *see also* FED. R. CRIM. P. 11(b)(2) (voluntariness inquiry). Regarding sentencing consequences, the defendant must know only his "maximum prison term and fine for the offense charged." *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996) (internal quotation marks and citation omitted). In making this determination, the Court bears in mind that "solemn declarations in open court carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal marks omitted). A defendant ordinarily may not refute testimony given under oath at a plea hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Under oath, Petitioner told the Court that she understood the nature of the charge in the superseding information and that she wished to plead guilty. CR ECF No. 62 (Rearraignment Transcript) at 11. Her plea and assurance came after the district judge refused her initial plea when she attempted to deny guilt by asserted that the drugs actually belonged to a codefendant. She also acknowledged that she was pleading guilty with only a Factual Resume, not a Plea Agreement. *Id.* The Court explained the maximum possible sentence–life imprisonment with a minimum of ten years–and Petitioner affirmed her understanding that the Court could sentence her to this amount. *Id.* at 15–16. Petitioner told the Court that no sentencing promises had been made and that she understood that no one could predict in advance what her sentence would be. *Id.* at 11–12. Petitioner also admitted that the factual resume was true and correct, wherein she acknowledged her guilt as to all the elements of

4

the offense of possession with intent to deliver methamphetamine, not merely to aiding and abetting. *Id.* at 20.

Thus, Petitioner had full knowledge of the maximum possible penalty for her offense prior to her guilty plea. Further, she understood the elements of the offense and affirmed her guilt. Petitioner also gave sworn testimony that she was not promised a specific sentence or threatened to plead guilty. Petitioner cannot rebut the strong presumption that these statements were true. Her plea was knowing and voluntary and she therefore cannot establish that counsel gave deficient performance in recommending she accept the plea. Petitioner's second ground for relief is **DENIED**.

In her third and final ground for relief, Petitioner challenges the initial search and seizure of the vehicle that resulted in the discovery of the narcotics. *See* ECF No. 2 at 6–7. A knowing and voluntary guilty plea waives all non-jurisdictional defects in the proceedings. *United States v. Easton*, 937 F.2d 160, 161 (5th Cir. 1989). Specifically, objections to searches and seizures are waived by a guilty plea. *See United States v. Cothran*, 302 F.3d 279, 285–86 (5th Cir. 2002). Petitioner has failed to articulate prejudice by asserting a valid cause for suppression in light of the information contained in the Factual Resume concerning consent for the search given by the codefendant. CR ECF No. 40. Thus, Petitioner's final ground for relief is **DENIED**.

CONCLUSION

For the reasons set forth above, the Motion is **DENIED**.

**SO ORDERED.**

March _6_, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE